# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF FLORIDA
# PANAMA CITY DIVISION

JOHN PETER RANDALL,

    Plaintiff,

vs.                                    Case No. 5:03cv220-MMP/WCS

CHARLIE CRIST,
Florida Attorney General,

    Defendant.

_____/

## REPORT AND RECOMMENDATION

    Defendant Crist has filed a response, doc. 36, to the order to show cause, doc. 35, which was entered on August 25, 2005, and which deferred ruling on the *pro se* Plaintiff's motion for a default judgment. Doc. 31. Defendant Crist objects to the entry of default and simultaneously requests twenty days in which to respond to the complaint. Doc. 36. Thereafter, Plaintiff filed a reply to Defendant's response. Doc. 38. Although a reply memorandum should not be "filed absent a showing of good cause and upon leave of the court," N.D. Fla. Loc. R. 7.1(C)(2), as Plaintiff is *pro se* and because the memorandum was short, it was reviewed and considered.

    The complaint was filed when Plaintiff was not a prisoner. Doc. 1. Plaintiff sues the Attorney General of Florida for an unlawful conviction. He contends that he was not provided effective assistance of counsel. Plaintiff was successful in this court with a

petition for writ of habeas corpus.  Case No. 5:95cv8-RH (Order granting relief, September 30, 1998, doc. 15).   That decision was affirmed by the Eleventh Circuit on August 20, 1999.[1]  *Id.*, doc. 32 in that file.  Plaintiff seeks money damages from the Attorney General.  *Id.*

When this case was filed, Plaintiff named former Florida Attorney General Bob Butterworth as the Defendant.  Doc. 1.  In the initial service order, the current Attorney General for Florida, Charlie Crist, was substituted pursuant to FED. R. CIV. P. 25(d) since it was assumed that this was a case against the Attorney General in his official capacity.  Doc. 5.  The complaint does not allege that Attorney General Butterworth did anything personally to harm Plaintiff.

Defendant Crist acknowledges that on June 6, 2005, a certified mailing was received by the Office of the Attorney General . . . ."  Doc. 36, p. 4, *citing* doc. 28-2. Defendant Crist further admits that the "mailing contained a summons for Charlie Crist and a copy of the complaint; however, no notice and request for waiver of service of a summons accompanied the complaint and summons as provided for by [R]ule 4(d)(2)." *Id.*, at 4.  Counsel for Defendant was "assigned the case on June 10, 2005, and assessed the service on Defendant Crist as deficient for failing to comply with the requirements for requesting a waiver of service of process pursuant to rule 4(d)(2)."  *Id.*, at 4-5.

Defendant contends that because the summons listed the Defendant as "Charlie Crist, Attorney General, the State of Florida," counsel believed Defendant Crist was

---

[1] The complaint here was filed on August 21, 2003, within the four year statute of limitations from the time the claim accrued, presumably when the habeas case was final.

Case No. 5:03cv220-MMP/WCS

subject to service through waiver of service. Doc. 36, p. 8. Defendant suggests that early orders to the *pro se* Plaintiff explained the requirements for service of process under Rule 4 and advised Plaintiff of the possibility of waiver or service under Rule 4(d). Thus, Defendant Crist contends that because service of process through waiver had been explained to Plaintiff in court orders,[2] and because a waiver form and notice of the lawsuit was not provided to Defendant Crist, that counsel reasonably deemed Plaintiff's service effort was deficient and Defendant Crist should not be held in default. *Id.* The argument is construed as asserting that because Defendant Crist was not personally served with service of process, service through mailing required that a waiver request be contained in the mailing. FED. R. CIV. P. 4(d)(2). Thus, because Plaintiff did not enclose a waiver from in his certified mail to the Defendant, service of process was insufficient.

The procedure for waiver of personal service only applies when a defendant is sued in his personal capacity. Federal Rule of Civil Procedure 4(d) provides that a request for waiver of service may be sent only to defendants subject to service under subdivision (e),(f), or (h), which provide for service upon individuals, corporations, and associations. Since it is doubtful that Attorney General Crist is sued in his individual capacity, the argument by counsel for the Attorney General is misplaced.

---

[2] The order directing service provided this Court's standard instructions on service under Rule 4 as is given to all *pro se* litigants, including notice of the 120 day deadline for service, the option for personal delivery of the summons and complaint or service pursuant to Florida law, and also the alternative method of service under Rule 4(d) which permits a party to request a waiver of formal service. *Id.* The order, per standard procedure, directed the Clerk to send Plaintiff a summons for formal service and "a waiver of service form should Plaintiff desire to pursue that alternative method of service." Doc. 5.

A suit against Attorney General Crist in his official capacity requires service pursuant to Rule 4(j)(2) since the suit is, in effect, against the State of Florida.  Rule 4(j)(2) requires service "by delivering a copy of the summons and the complaint to [the state agency's] chief executive officer" or by servicing as prescribed by Florida law.  Florida law requires service of process be "made on the public officer being sued."  *See* 36 Florida Practice Series § 9.16, *citing* FLA. STAT. § 48.111(2).  There is no evidence that Attorney General Crist has been personally served as provided by Rule 4(j).

Where default is entered by a clerk of court but service is found to be insufficient or otherwise improper, the default should be vacated.  J. Distributing, Inc. v. Hornell Brewing Co., Inc., 340 F.3d 345, 353 (6th Cir. 2003), *citing* Omni Capital Int'l, Ltd. v. Rudolf Wolff & Co., Ltd., 484 U.S. 97, 104, 108 S.Ct. 404, 98 L.Ed.2d 415 (1987); Kearney v. New York State Legislature, 103 F.R.D. 625 (E.D.N.Y. 1984); City of Hialeah v. Carroll, 324 So.2d 639, 641 (Fla. 3d DCA 1976); Florida City Police Dept. v. Corcoran, 661 So.2d 409, 411 (Fla. 3d DCA 1995).  Thus, there is no basis to enter a default judgment in this case as Defendant Crist was not properly served with process.

Rule 55(c) provides that "[f]or good cause shown the court may set aside an entry of default and, if a judgment by default has been entered, may likewise set it aside in accordance with Rule 60(b)."  FED. R. CIV. P. 55(c).  Pursuant to Rule 55(c), Defendant should not be held in default as process does not appear to have been carried out as required and Plaintiff's motion for a default judgment should be denied.

Defendant seeks additional time to respond to the complaint so that he can assert defenses, including sufficiency of service of process or the Eleventh Amendment.  Doc. 36, p. 8.  The district judge's last order provided that Plaintiff had to show proof of

service by June 17, 2005, and warned that if the complaint was not served by that date, it would be dismissed. Doc. 26. It is unknown why Defendant did not, in June, 2005, file a motion filed pursuant to Rule 12 raising these two defenses. It makes little sense, and is a waste of judicial resources, for Defendant to set this case aside, wait several months without doing anything, and then find himself responding to a motion for default. These issues should have been directly addressed months ago.

## CONCLUSION

In light of the foregoing, it is respectfully **RECOMMENDED** that Plaintiff's motion for default judgment, doc. 31, be **DENIED** and the Defendant be directed to file a response to the complaint within 10 calendar days of the order adopting this report and recommendation. Finally, it is **RECOMMENDED** that this case be **REMANDED** for further proceedings.

**IN CHAMBERS** at Tallahassee, Florida, on September 28, 2005.

s/    William C. Sherrill, Jr.
WILLIAM C. SHERRILL, JR.
UNITED STATES MAGISTRATE JUDGE

## NOTICE TO THE PARTIES

**A party may file specific, written objections to the proposed findings and recommendations within 15 days after being served with a copy of this report and recommendation. A party may respond to another party's objections within 10 days after being served with a copy thereof. Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**