## IN THE UNITED STATES DISTRICT COURT FOR THE
## NORTHERN DISTRICT OF FLORIDA
## PANAMA CITY DIVISION


**JOHN PETER RANDALL,**

      **Plaintiff,**

**vs.**                      **Case No. 5:03cv220-MMP/WCS**

**CHARLIE CRIST,**
**Florida Attorney General,**

      **Defendant.**

_____/


## SECOND REPORT AND RECOMMENDATION[1]

Defendant Crist has filed a motion to dismiss Plaintiff's *pro se* complaint raising Eleventh Amendment immunity to suit.  Doc. 40.  Plaintiff was given notice of his obligation to respond to the motion, doc. 41, and Plaintiff's timely response, doc. 42, has been considered.

The complaint in this case, filed on August 21, 2003, alleged that Plaintiff was wrongfully convicted and sentenced to 30 years in prison.  Doc. 1.  Plaintiff's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 was granted by the United States District Court, Northern District of Florida, Panama City Division, on September 30,

---

[1] The first report and recommendation, doc. 39, concerned Plaintiff's motion for default judgment, doc. 31.  The report and recommendation was adopted, and the motion for a default judgment was denied.  Doc. 43.

1998, subject to the State of Florida being able to retry the case.  *Id.*  The State is

alleged to have dropped the charge, although the Attorney General filed an appeal with

the Eleventh Circuit concerning the result of the § 2254 petition.  *Id.*  The Eleventh

Circuit affirmed the decision of the District Court on August 18, 1999.  *Id.*  Plaintiff

alleges that his Sixth and Fourteenth Amendment rights were violated and he seeks

compensation for the eight years he served in prison before the conviction was

overturned and he was released.  *Id.*

Defendant Crist filed the motion to dismiss asserting Eleventh Amendment

immunity bars Plaintiff's action and request for monetary damages.  Doc. 40.  In

response, Plaintiff contends that "the State of Florida should be liable for violating the

Plaintiff['s] civil rights" and he asserts that his claim has merit.  Doc. 42, p. 1.  Plaintiff

also contends that the State was negligent in failing to release Plaintiff from custody.  *Id.*


**Analysis**

It is well established that the Eleventh Amendment[2] is an absolute bar to a §

1983 suit for monetary damages by an individual against a state or its agencies, or

against officers or employees of the state or its agencies in their official capacities.

Edelman v. Jordan, 415 U.S. 651, 94 S. Ct. 1347, 39 L. Ed. 2d 662 (1974); Scheuer v.

Rhodes, 416 U.S. 232, 94 S. Ct. 1683, 40 L. Ed.2d 90 (1974).  Thus, a § 1983 suit

against an official sued in his "official capacity" is barred by the Eleventh Amendment,

---

[2] The Eleventh Amendment provides: "The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State."  U.S. CONST. XI.

unless one of three exceptions applies.  The first two exceptions are through a waiver of sovereign immunity.  *See* <u>Atascadero State Hosp. v. Scanlon</u>, 473 U.S. 234, 238, 105 S. Ct. 3142, 87 L. Ed. 2d 171 (1985); <u>Gamble v. Florida Dept. of Health and Rehab. Servs.</u>, 779 F.2d 1509 (11th Cir. 1986).  Waiver may be either by the State or Congress may override a state's immunity pursuant to its power under § 5 of the Fourteenth Amendment.  <u>Florida Prepaid Postsecondary Educ. Expense Bd. v. College Savings Bank</u>, 527 U.S. 627, 119 S. Ct. 2199, 2205-06, 144 L. Ed. 2d 575 (1999).  It is well established that Congress has not abrogated a state's immunity in enacting § 1983, <u>Quern v. Jordan</u>, 440 U.S. 332, 99 S. Ct. 1139, 59 L. Ed. 2d 358 (1979), neither has Florida waived its Eleventh Amendment sovereign immunity and consented to suit in federal court under § 1983.  <u>Gamble</u>, 779 F.2d at 1520.

The third remaining exception to this constitutional bar is through <u>Ex Parte Young</u>, 209 U.S. 123, 28 S. Ct. 441, 52 L. Ed. 714 (1908).  *See* <u>Idaho v. Coeur d'Alene Tribe of Idaho</u>, 521 U.S. 261, 269, 117 S. Ct. 2028, 138 L. Ed. 2d 438 (1997) (reaffirming that prospective relief may be sought against a state official in federal court); <u>Sandoval v. Hagan</u>, 197 F.3d 484, 492 (11th Cir. 1999), *citing* <u>Summit Medical Assoc. v. Pryor</u>, 180 F.3d 1326, 1336-38 (11th Cir. 1999).  That exception does not apply because Plaintiff does not seek injunctive relief, he only seeks monetary damages.

Here, Defendant Crist as the Attorney General for the State of Florida is protected by the Eleventh Amendment.  Plaintiff's complaint only asserts claims against Defendant Crist in his official capacity, and only seeks monetary damages for the time

he was incarcerated.  The complaint must be dismissed as it is barred by the Eleventh

Amendment of the United States Constitution.

**Conclusion**

In light of the foregoing, it is respectfully **RECOMMENDED** that Defendant

Charlie Crist's motion to dismiss, doc. 40, be **GRANTED** because Plaintiff's complaint

for monetary damages is barred by force of the Eleventh Amendment.

**IN CHAMBERS** at Tallahassee, Florida, on January 12, 2006.


 s/      William C. Sherrill, Jr.
**WILLIAM C. SHERRILL, JR.**
**UNITED STATES MAGISTRATE JUDGE**



<u>**NOTICE TO THE PARTIES**</u>

**A party may file specific, written objections to the proposed findings and recommendations within 15 days after being served with a copy of this report and recommendation.  A party may respond to another party's objections within 10 days after being served with a copy thereof.  Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**